**RAZORBACK CAB OF FORT SMITH, INC., Plaintiff,**

v.

**ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION, et al., Defendants.**

**No. LR-C-88-166.**

United States District Court,
E.D. Arkansas, W.D.

Aug. 9, 1988.

Jack Skinner, Greenwood, Ark., for plaintiff.

Joe Morphew, Little Rock, Ark., J. Mark Lewis, Asst. Atty. Gen., and William E. Keadle, Revenue Legal Counsel, Little Rock, Ark., for defendants.

## ORDER

ROY, District Judge.

Before the Court is the Motion for Abstention of defendants, to which plaintiff has responded. The Court having fully reviewed the briefs of the parties and all other matters of record, the motion is now ripe for determination.

In the motion, defendants contend not only that this Court should abstain from hearing this case, but also that the Eleventh Amendment bars plaintiff from bringing its claims against them. The Court is more concerned herein with the abstention arguments. Defendants contend that abstention is appropriate because plaintiff has challenged the interpretation and application of certain laws of the State of Arkansas, the resolution of which will impact upon an important state interest, and because plaintiff's claims may be resolved without the need for a determination based on constitutional issues. In response, Plaintiff urges the Court to accept jurisdiction over this cause, contending that the Eleventh Amendment is not an absolute bar to its claims against these defendants and that abstention is neither necessary nor appropriate.

As set out more fully in this Court's Order of June 23, 1988, this matter involves a dispute between plaintiff, a taxicab company, and certain agencies and officers of the State of Arkansas charged with administering the regulations and statutes of the State of Arkansas regarding the operation of common carriers and, more particularly, taxicab businesses. The specific dispute between plaintiff and defendants concerns insurance or bond requirements placed upon taxicab operators. Plaintiff contends that it is being harmed, and may eventually be forced out of business, by defendants' arbitrary interpretation and application of the statutes and regulations pertaining to those requirements. Plaintiff seeks injunctive and declaratory relief with respect to the application and enforcement of these statutes.

The Court believes that the principles of comity and federalism should be considered in this matter. The United States Supreme Court has defined "comity" as including "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). In *Younger,* the Supreme Court also addressed the principle of federalism, describing it as "a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Id.*

In *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986), the Supreme Court discussed two factors to be considered in making an abstention determination. Those factors were the importance of the state interest and the existence of a full and fair opportunity for the plaintiff to litigate his constitutional claims. It seems beyond dispute that the State of Arkansas has a significant interest in the regulation of common carriers, including taxicab operations, doing business within this state. It seems equally clear that plaintiff will have a fair opportunity to raise his constitutional claims in any state proceeding which might be brought against it, whether criminal or administrative, or in any civil action which it might bring against these defendants in state court.

Defendants have advised the Court of the pendency of a case in the Circuit Court of Pulaski County, Arkansas, brought by a

**792**

different taxicab company, which involves many of the same issues presented in this case. This fact, when considered along with all the circumstances of this case, leads the Court to conclude that plaintiff's claims present questions of substantial public import and that federal review of these questions would be disruptive of state efforts to establish a coherent policy thereon. The findings of this Court on these issues could very well undermine or contradict the decision of the Pulaski County Circuit Court in the very similar case now pending before it. For these reasons, the Court finds that it should abstain from deciding this case. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Accordingly, defendants' Motion for Abstention should be, and it is hereby, granted. Plaintiff's complaint shall be dismissed without prejudice.